UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BARBARA OSBOURNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:  3:16-cv-73 |
| | ) | |
| TOWNSQUARE INTERACTIVE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  NATURE OF THE CASE**

1.      This is an action brought by Plaintiff, Barbara Osbourne ("Osbourne"), by counsel, against Townsquare Interactive, LLC, ("Defendant") for its discriminatory actions against her based on her disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq.  ("ADA") and based on her gender in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e et. seq. and for wrongful termination in violation of Indiana State Law.

**II.  PARTIES**

2.      At all times relevant to this action, Osbourne resided within the Southern District of Indiana.

3.      Defendant is a corporation and maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana.

**III.  JURISDICTION AND VENUE**

4.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 12117.

5.      Jurisdiction is conferred on this Court for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Osbourne's state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6.      Osbourne is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c), as amended.  At all relevant times, Defendant had knowledge of Osbourne's disability and/or it regarded Osbourne as being disabled and/or Osbourne has a record of being disabled.

7.      Osbourne was an "employee" as defined by 42 U.S.C. § 12111(4).

8.      Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

9.       Osbourne was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

10.     The Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

11.     Osbourne exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission. Osbourne received her Notice of Suit Rights for the Charge of Discrimination and timely files this action.

12.     All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV.  FACTUAL ALLEGATIONS

13.     Osbourne was hired by the Defendant on or about November 2, 2014 as an Online Marketing Consultant.

14.     During all relevant time periods, Osbourne met or exceeded the Defendant's legitimate and reasonable performance expectations.

15.     On or about January 14, 2015, Osbourne was involved in a car accident while working for the Defendant and suffered significant physical injuries with lasting debilitating affects including headaches, nausea, vomiting and emotional swings.  As such, Osbourne is disabled within the meaning of the Americans with Disabilities Act, as amended ("ADAA"), has a record of a disability or was regarded as disabled by the Defendant.

16.     Initially, Osbourne asked her supervisor, Marc Notaro ("Notaro"), if she could turn the accident and injuries in for workman's compensation and Notaro told her that she could not.

17.     While struggling to recover and cope with her debilitating conditions, Osbourne was given a written warning on February 3, 2015, for not meeting her newly-raised monthly sales quota. Osbourne noted in her written warning that she was having trouble with her disabling condition and she missed three (3) days of work, which led, in part, to her not making her sales quota.

18.     On or about February 11, 2015, Osbourne submitted medical restrictions from her doctor and the Defendant had her complete a "Request for Accommodation and Release."

19.     During the week of February 23, 2015, Heidi Pope ("Pope"), from Defendant's Human Resources Department, contacted Osbournes's doctor.  Moreover, on February 23, 2015, Osbourne submitted medical restrictions from her doctor.

20.     On February 23, 2015, Osbourne received a phone call from Notaro; he stated to her that she was being terminated for not making her quota two (2) months in a row. Osbourne asked about her disabling condition and Notaro responded that he was not a medical professional, but it took a long time for her to go to the doctor and that her condition was not a big deal.

21.     Moreover, Patrick Shea and Joe Waldowski who are male and are not known to Osbourne to be disabled or regarded as disabled by the Defendant, are similarly-situated to Osbourne, did not meet their sales quotas and were not fired by the Defendant.

22.     Defendant failed to accommodate or engage in the interactive process with Osbourne as required by the ADAA.

23.     Osbourne believes she has received disparate treatment in her employment in comparison to similarly-situated male individuals and individuals who did not suffer from a disability.

24.     Osbourne was terminated due to her disability, gender and/or for filing for and/or prospective filing of Workers' Compensation relief and was subjected to different terms and conditions in her employment than similarly-situated male employees and/or employees who did not suffer from a disability.

## V.  LEGAL ALLEGATIONS

### COUNT I--ADA-DISABILITY DISCRIMINATION

25.     Osbourne hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint as if the same were set forth at length herein.

26.     Defendant violated Osbourne's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by  failing to accommodate her, failing to engage in the interactive process, discriminating against and then ultimately terminating her employment based upon her disability.

27.     Defendant's actions were intentional, willful, and in reckless disregard of Osbourne's rights as protected by the ADAA.

28. Osbourne has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II--GENDER DISCRIMINATION

29. Osbourne hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint as if the same were set forth at length herein.

30. Osbourne was subjected to less favorable terms and conditions in her employment with the Defendant and terminated because of her gender.

31. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

32. Defendant's conduct was deliberate, willful, and in reckless disregard for Osbourne's civil rights.

33. Osbourne has suffered damages as a result of Defendant's unlawful conduct.

## COUNT III—WRONGFUL TERMINATION

34. Osbourne hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint as if the same were set forth at length herein.

35. Defendant violated Osbourne's rights as protected by Indiana state law by retaliating against her filing/prospective filing for Worker's Compensation relief by discharging her from employment.

36. Defendant's actions were intentional, willful, and in reckless disregard of Osbourne's rights as protected by Indiana state law.

37. Osbourne has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI.  <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Barbara Osbourne, by counsel, respectfully requests this Court find for Plaintiff and order Defendant to:

1.      Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability, gender and/or for filing for Workers' Compensation relief;

2.      Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for the Defendant's unlawful employment actions, or award her front pay;

3.      Pay Plaintiff's lost wages and benefits;

4.      Pay to Plaintiff compensatory, emotional distress, consequential and punitive damages;

5.      Pay to Plaintiff pre- and post-judgment interest;

6.      Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

7.      Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

_s/Kyle F. Biesecker_____
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:     (812) 424-1001
Facsimile:      (812) 424-1005
E-Mail:         kfb@bdlegal.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, Barbara Osbourne, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

  *s/Kyle F. Biesecker*
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:      (812) 424-1001
Facsimile:      (812) 424-1005
E-Mail:       kfb@bdlegal.com

Attorneys for Plaintiff